IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00742-RM-KAS

JACQUELINE LONG,
JOHN PRIZANT, a sole proprietorship doing business as Generational Solutions,

    Plaintiffs,

v.

JEANNE ANDLINGER,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATE MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Defendant's **Partial Motion to Dismiss First Amended Complaint** [#36] (the "Motion"). Plaintiffs filed a Response [#41] in opposition to the Motion [#36], and Defendant filed a Reply [#42]. The Motion [#36] has been referred to the undersigned for a Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). The Court has reviewed these briefs, the entire case file, and the applicable law, and is fully advised in the premises. For the reasons stated below, the Court respectfully **RECOMMENDS** that the Motion [#36] be **GRANTED**.

### I. Background

    In the present Motion [#36], Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) of the Third Claim for Relief: Intentional Infliction of Emotional Distress ("IIED"), which is asserted solely by Plaintiff Long against Defendant. *See Am. Compl.* [#34] ¶ 17.

According to the allegations in the Amended Complaint [#34],[1] Plaintiff Long and Defendant were friends forty years. *Id.* ¶ 18. Plaintiff Long alleges that the "friendship was especially deep and meaningful" to her because both of them have had children pass away. *Id.* ¶ 19. When Defendant allegedly breached her contract with Plaintiff Long, Plaintiff Long "had to experience a dear friend in her estimation betraying her." *Id.* ¶ 21. After Defendant allegedly failed to pay on the contract, Defendant threatened Plaintiff Long to not come onto Defendant's property, and Defendant "abruptly ended their 40 years of friendship." *Id.* ¶¶ 22-23. Plaintiff Long "experienced a tremendous emotional pain, due to what she felt was a dear friend's betrayal – a friendship deepened over the death of their children." *Id.* ¶ 24. Plaintiff Long alleges that she has "had to seek counsel from numerous friends and spiritual sources, including her spiritual guide, in order to understand how a dear friend could treat her this way." *Id.* ¶ 25. She alleges that the distress has been "persistent and long lasting over multiple years." *Id.* ¶ 27.

## II.  Standard of Review

Fed. R. Civ. P. 12(b)(6) permits dismissal of a claim where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." The Rule 12 (b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "A complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When the

---

[1] In determining whether an operative complaint states a claim or claims for relief, the Court views the allegations in a light most favorable to the plaintiff, as the non-moving party. *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019).

complaint includes 'well-pleaded allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitled to relief.'" *Carraway v. State Farm & Cas. Co.*, No. 22-1370, 2023 WL 5374393, at *4 (10th Cir. Aug. 22, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, [n]or does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

### III.  Analysis

To survive a motion to dismiss her IIED claim under Fed. R. Civ. P. 12(b)(6), Plaintiff Long must adequately allege three elements: (1) Defendant engaged in extreme and outrageous conduct, (2) recklessly or with the intent of causing Plaintiff Long severe emotional distress, and (3) causing Plaintiff Long severe emotional distress. *See Mackall v. JPMorgan Chase Bank, N.A.*, 356 P.3d 946, 955 (Colo. App. 2014).

The first element requires allegations that Defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Culpepper v. Pearl St. Bldg., Inc.*, 877 P.2d 877, 882 (Colo. 1994) (internal quotation marks and citation omitted). "Although the jury ultimately determines whether

3

conduct is outrageous, a court must first determine if reasonable persons could differ on the question." *Han Ye Lee v. Colo. Times, Inc.*, 222 P.3d 957, 963 (Colo. App. 2009) (citing *Culpepper*, 877 P.2d at 883). "In determining whether a plaintiff has alleged behavior that is outrageous as a matter of law, the trial court must analyze the totality of the defendant's conduct." *Id.* (citing *Green v. Qwest Servs. Corp.*, 155 P.3d 383, 385 (Colo. App. 2006)). Outrageous conduct generally exists when "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Churchey v. Adolph Coors Co.*, 759 P.2d 1336, 1350 (Colo. 1988) (citation omitted).

Situations which courts in Colorado have held to be sufficiently "outrageous" include the following cases. In *Meiter v. Cavanaugh*, 580 P.2d 399, 400-01 (Colo. App. 1978), the Colorado Court of Appeals held that evidence of a defendant-tenant's general belligerence, comment that plaintiff was "a sick old woman," and suggestion that the defendant-tenant's status as an attorney would give him special influence in a judicial proceeding was sufficient for an outrageous conduct claim to survive a motion for a directed verdict and judgment notwithstanding the verdict.

In *Montgomery Ward & Co. v. Andrews*, 736 P.2d 40, 46 (Colo. App. 1987), the Colorado Court of Appeals held that seizure of property from a business was conducted in a manner that a reasonable jury could find to be outrageous: "While Andrews was out of town, Wards cleared everything, including Andrews' personal belongings, out of the store in which Andrews had operated for three years. Wards then changed all the locks and turned the key over to its attorney. When Andrews returned to Aspen, he found an empty, inaccessible store where his business had once been."

4

In *Mass v. Martin Marietta Corp.*, 805 F. Supp. 1530, 1543-44 (D. Colo. 1992), the Court held that racial slurs which were part of an intentional pattern of harassment directed at the plaintiff in an employment setting was enough to support an outrageous conduct claim. In *Donaldson v. American Banco Corp., Inc.*, 945 F. Supp. 1456, 1466 (D. Colo. 1996), the Court held that a supervisor's derogatory comments to pregnant employees—including negative comments about their changing bodies and remarks that the women were too old to have healthy babies—were sufficient to support a claim for outrageous conduct.

In *Roget v. Grand Pontiac, Inc.*, 5 P.3d 341, 346 (Colo. App. 1999), the Colorado Court of Appeals held that reasonable persons could find that strong-arming during negotiations, committing fraudulent acts, and falsifying documents constituted outrageous conduct during a lease transaction.

In *Pearson v. Kancilia*, 70 P.3d 594, 598 (Colo. App. 2003), the Colorado Court of Appeals held that evidence that a chiropractor had forced an employee and a patient to have sex with him was sufficient to sustain the jury's finding that the chiropractor had engaged in outrageous conduct.

Finally, in *Han Ye Lee v. Colorado Times, Inc.*, 222 P.3d 957, 963-64 (Colo. App. 2009), the Colorado Court of Appeals held that evidence that a newspaper impugned a crime victim's integrity and loyalty to her late husband, whose murder she had witnessed, by recklessly publishing information without verifying it was enough to state a claim of outrageous conduct.

Plaintiff Long primarily relies on three cases in support of her argument that she has adequately alleged outrageous conduct by Defendant sufficient to survive

Defendant's Rule 12(b)(6) Motion [#36]. *Response* [#41] at 3. In *Rugg v. McCarty*, 476 P.2d 753, 754, 756 (Colo. 1970), the Colorado Supreme Court held that a creditor's repeated request for payment and threat to garnish wages without having a judgment against the debtor could be deemed outrageous. In *Danyew v. Phelps*, 676 P.2d 707, 709 (Colo. App. 1983), the Colorado Court of Appeals held that the wrongful eviction of tenant without notice while the tenant was hospitalized could support a claim for outrageous conduct. In *Destefano v. Gabrian*, 763 P.2d 275, 286 (Colo. 1988), the Colorado Supreme Court held that an outrageous conduct claim could withstand a motion for summary judgment where there was evidence that a priest had a sexual relationship with a congregant, having exploited that congregant's trust and vulnerability.

Plaintiff's allegations here do not rise to the level of any of the cases cited by Plaintiff or of any of the cases discussed by the Court above. "[P]laintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind." *Meiter*, 580 P.2d at 401 (quoting Prosser, *Insult and Outrage*, 44 Cal.L.Rev. 40 (1956)). Here, the allegations of Defendant's conduct are that Defendant breached a contract with Plaintiff Long, that Defendant abruptly ended a close 40-year friendship with Plaintiff Long, and that Defendant barred Plaintiff Long from coming onto Defendant's property. *Am. Compl.* [#34] ¶¶ 18-23. While the Court does not diminish Plaintiff Long's emotional response to Defendant's alleged actions, the Court cannot find that these allegations rise to the level of being "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See Culpepper*, 877 P.2d at 882.

Accordingly, the Court **recommends** that the Motion [#36] be **granted** and that Plaintiff Long's IIED claim be **dismissed with prejudice**.

The Court recommends dismissal with prejudice for the following reasons. On April 18, 2023, Defendant filed a Partial Motion to Dismiss [#10] three of the claims asserted in Plaintiffs' initial Complaint, including Plaintiff Long's IIED claim. On May 16, 2023, Plaintiffs filed a First Motion to Amend Complaint [#16], which included a request "to alter the claim for [IIED]." The Court granted the request, allowing the filing of Plaintiffs' Amended Complaint [#34]. Thus, Plaintiff Long has now had two opportunities to adequately allege her IIED claim, and she states that she explicitly addressed her IIED claim in the Amended Complaint [#34] by "alter[ing]" it from the initial Complaint.

In *A & B Stores, Inc. v. Employers Mutual Casualty Co.*, No. CIV-14-1228-HE, 2015 WL 1014808 at *3 (W.D. Okla. Mar. 9, 2015), for example, the Court dismissed a bad faith breach of contract claim with prejudice in a case where, like here, both sides were represented by counsel, stating that the "plaintiff was given the opportunity to amend and made minimal effort to correct the pleading deficiencies. . . . The court concludes two tries is enough." Here, similarly, Plaintiff Long is represented by counsel and has had two chances to state her IIED claim, and there is no indication that allowing her a third chance would be anything but futile. For these reasons, the Court recommends dismissal with prejudice. *See, e.g.*, *EMASCO Ins. Co. v. C & C Grocery & Mrkt., Inc.*, No. 19-cv-427-DES, 2023 WL 4086014, at *5 (E.D. Okla. June 20, 2023); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

## IV.  Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#36] be **GRANTED** and that Plaintiff Long's Third Claim for Relief: Intentional Infliction of Emotional Distress ("IIED") be **DISMISSED with prejudice**.

IT IS FURTHER **ORDERED** that any party may file objections Recommendation **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: September 12, 2023

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge